IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| STANLEY SHEPPARD,<br><br>Plaintiff,<br><br>v.<br><br>WARNER ROBINS AIR FORCE BASE<br><br>Defendant. | CIVIL ACTION NO. 5:25-cv-11 (MTT) |

**ORDER**

Plaintiff Stanley Sheppard filed this pro se lawsuit and contemporaneously moved for leave to proceed *in forma pauperis* ("IFP"). Docs. 1; 2. As discussed below, Sheppard satisfies the requirements of poverty, and his motion to proceed IFP (Doc. 2) is **GRANTED**. Along with granting Sheppard IFP status, the Court must also screen his complaint pursuant to 28 U.S.C. § 1915(e).[1] After screening, the Court concludes that Sheppard's complaint is deficient. Accordingly, within twenty-one days of the entry of this order Sheppard is **ORDERED TO AMEND** his complaint. Failure to fully and timely comply with this order may result in the dismissal of this action.

---

[1] Sheppard previously filed an action against Robins Air Force Base which this Court dismissed without prejudice pursuant to 28 U.S.C. § 1915(e). *Sheppard v. Robins Air Force* Base, No. 5:19-CV-336 (MTT), *appeal dismissed* by No. 24-11636-G (Aug. 24, 2024).

## I. DISCUSSION[2]

### A. Financial Status

When considering a motion to proceed IFP filed under § 1915(a), "[t]he only determination to be made by the court … is whether the statements in the affidavit satisfy the requirement of poverty." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004). To show poverty, the plaintiff need not show that he is "absolutely destitute." *Martinez*, 364 F.3d at 1307 (quoting *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 338-40 (1948)). Instead, the affidavit must demonstrate that the plaintiff, "because of his poverty, is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents." *Martinez*, 364 F.3d at 1307. Where a plaintiff demonstrates economic eligibility to file IFP, the court should docket the case and then "proceed to the question ... of whether the asserted claim is frivolous." *Id*. Here, Sheppard's financial affidavit states that he is unemployed with an average monthly income of $0. Doc. 2 at 1-2. Accordingly, the Court finds that Sheppard is unable to pay the costs and fees associated with this lawsuit, and his motion to proceed IFP (Doc. 2) is **GRANTED**.

---

[2] Motions to proceed IFP are governed by 28 U.S.C. § 1915(a). Section 1915(a) provides:

> [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor.

28 U.S.C. § 1915(a). "Despite the statute's use of the phrase 'prisoner possesses,' the affidavit requirement applies to all persons requesting leave to proceed IFP." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004).

**B. Frivolity Review**

Along with granting Sheppard IFP status, the Court must review and dismiss his complaint if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).  A claim is frivolous if it "has little or no chance of success," meaning that it appears "from the face of the complaint that the factual allegations are 'clearly baseless' or that the legal theories are 'indisputably meritless.'" *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993).  "A dismissal under § 1915(e)(2)(B)(ii) for failure to state a claim is governed by the same standard as a dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6)."[3]  *Thomas v. Harris*, 399 F. App'x 508, 509 (11th Cir. 2010) (citing *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997)).

Sheppard filed this lawsuit against Warner Robins Air Force Base alleging wrongful termination and discrimination.  Doc. 1.  Sheppard alleges he was placed in a different area on base where he was required to use a machine he did not know how to use or train on.  *Id.* at 4.  Someone who knew how and was trained on the machine then came and corrected Sheppard.  *Id.*  Sheppard was presumably terminated sometime thereafter.  Sheppard also cites a correspondence from the Georgia Department of Labor as evidence of discrimination, which states that Sheppard was fired for conduct unbecoming a federal employee but because the "[a]vailable facts d[id] not show that

---

[3] To avoid dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must contain specific factual matter to "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  On a motion to dismiss, "all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff*.*" *In re Galectin Therapeutics, Inc. Sec. Litig.*, 843 F.3d 1257, 1269 n.4 (11th Cir. 2016) (quoting *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1261 (11th Cir. 2006)).

[he] violated employer rules or standards," he "can be paid unemployment benefits." Doc 1-3.  Sheppard provides no other information about his claims.  He does not, for instance, explain why he believes his termination was unlawful or allege that he was terminated because of a protected trait or status.  Thus, Sheppard fails to state a claim of discrimination based on his termination, and he does not identify any other act that he believes was discriminatory.

Given Sheppard's pro se status, however, the Court will afford him an opportunity to amend his complaint to state viable claims.  *See Duff v. Steub*, 378 F. App'x 868, 872 (11th Cir. 2010).  The Court will not look back to the facts alleged in the original complaint once the amended complaint is filed; the Court will only consider the facts in the amended complaint when it conducts the frivolity review required by § 1915(e)(2)(B).  *Hoefling v. City of Miami*, 811 F.3d 1271, 1277 (11th Cir. 2016) (holding that the filing of an amended pleading renders the previous pleading a "legal nullity").

In the "statement of claims" section of his amended complaint, Sheppard must link any claims he makes to the named defendant.  If Sheppard fails to link the named defendant to a claim, the claim will be dismissed; if Sheppard makes no allegations in the body of his complaint against the named defendant, that defendant will be removed from the action and dismissed.  Sheppard must provide enough facts to plausibly demonstrate that the defendant's actions or omissions resulted in the violation of his rights under a specific law.  It is also recommended that, when drafting his "statement of claims," Sheppard list numbered responses to the following questions (to the extent possible) along with the name of the defendant:

(1) What did the defendant do (or not do) to violate his rights?

(2) When did each action occur?

(3) How was Sheppard injured as a result of the defendant's actions?

## II. CONCLUSION

For the foregoing reasons, Sheppard's motion to proceed IFP (Doc. 2) is **GRANTED**. Pursuant to 28 U.S.C. § 1915(e), Sheppard is **ORDERED TO AMEND** his complaint as stated in this order within twenty-one days of the entry of this order. Failure to fully and timely comply with this order may result in the dismissal of this action. [4]

**SO ORDERED**, this 17th day of January, 2025.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

---

[4] See Brown v. Tallahassee Police Dep't, 205 F. App'x 802, 802 (11th Cir. 2006) (citing Fed. R. Civ. P. 41(b) and Lopez v. Aransas Cty. Indep. Sch. Dist., 570 F.2d 541, 544 (5th Cir. 1978)); see also Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) (adopting as binding precedent the decisions of the former Fifth Circuit rendered prior to October 1, 1981).