**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | |
|---|---|
| **STANLEY SHEPPARD,** ) | |
| ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **CIVIL ACTION NO. 5:25-cv-11 (MTT)** |
| ) | |
| **WARNER ROBINS AIR FORCE BASE** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

**ORDER**

Plaintiff Stanley Sheppard filed this pro se lawsuit and contemporaneously moved for leave to proceed *in forma pauperis* ("IFP").  Docs. 1; 2.  On December 3, 2024, the Court granted Sheppard's motion to proceed in forma pauperis ("IFP") and found his complaint deficient pursuant to 28 U.S.C. § 1915(e).  Doc. 3.  Sheppard was thus ordered to recast and has since filed an amended complaint.  Docs. 3; 4.  Because Sheppard is proceeding IFP, the Court must screen and dismiss his amended complaint: (1) if it is frivolous or malicious; (2) if it fails to state a claim upon which relief may be granted; or (3) if it seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).  "A dismissal under § 1915(e)(2)(B)(ii) for failure to state a claim is governed by the same standard as a dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6)."[1]  *Thomas v. Harris*, 399 F. App'x 508, 509 (11th Cir. 2010) (citing *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997)).

---

[1] To avoid dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must contain specific factual matter to "'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  On a motion to dismiss, "all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the

The entirety of Sheppard's amended complaint is pictured below:

## Amended Complaint

Plaintiff: Stanley Sheppard am amending this compliant against Defendant Warner Robins Air Force Base for said reason that I was wrongful terminated. I was told that was being placed on administrative leave with pay with no explanation. Also, I was work in a position that I wasn't trained for a when I asked question in reference to my position and for assistance, I was told that I knew we should have got the white employee to do it. I felt that I was being discriminated because I shouldn't have been told the said statement when nobody had trained me. As far as my termination, I received a letter a in the mail starting I had been terminated. I want justice for Equal justice under the law. I want justice applied equal to all, regardless of creed or class or color, that we are due to equal justice as of human being and I don't feel as justice was served. What that being said for me losing my job that cost a hardship for because I am not able to maintain my household and other life necessities. I ask that the court to consider my case as I have stated in my complaint.

Doc. 4. These allegations fail to state a claim for wrongful termination. Sheppard not only fails to specify the statutory or constitutional basis for his claim but also fails to allege facts connecting his termination to an unlawful motive. Sheppard does not, for instance, allege that he was terminated because of a protected trait or status. Nor does he allege that he is a member of a protected class. Accordingly, this action is hereby **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B).

---

light most favorable to the plaintiff." *In re Galectin Therapeutics, Inc. Sec. Litig.*, 843 F.3d 1257, 1269 n.4 (11th Cir. 2016) (quoting *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1261 (11th Cir. 2006)).

**SO ORDERED**, this 3rd day of March, 2025.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT